BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $97,980.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | 2:13-MC-00083-JAM-DAD<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On January 10, 2013, the California Highway Patrol seized Approximately $97,980.00 in U.S. Currency (the "defendant currency") during a traffic stop on Highway 299 in Trinity County, California.  The Drug Enforcement Administration (hereafter "DEA") adopted the defendant currency for federal forfeiture on February 5, 2013.

　　　　2.　　The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about May 20, 2013, the DEA received a claim from Joshua Bowen Furlong asserting an ownership interest in the defendant currency.

　　　　3.　　The United States represents that it could show at a forfeiture trial that on or about January 10, 2013, California Highway Patrol Officer Tony Lazo, driving a fully

marked CHP vehicle, made a traffic stop on Furlong's black Volvo sedan while he traveled westbound on Highway 299 near Fawn Lodge Road in Trinity County, California. Law enforcement officials determined that the black Volvo sedan, a 2005 Volvo S60, had Montana license plates and was registered to Jessica Marie Curtis at an address in Missoula, Montana. Law enforcement officials clocked the black Volvo sedan traveling at sixty-four miles per hour ("mph") in a fifty-five mph zone. During the ensuing consent search of the vehicle, law enforcement officials discovered marijuana residue throughout the interior of the Volvo, in addition to the empty energy drink cans and urine-filled bottles. In the trunk, law enforcement officials found two duffel bags in the Volvo's trunk. The first duffel bag was empty other than a single change of clothes. The second duffel bag contained five heat-sealed bags separately containing large amounts of bundled cash; within each heat-sealed bag, the cash was separately bundled into smaller stacks affixed by rubber bands. A later count of the cash found in the second duffel bag totaled $97,980.00 – the defendant currency. The cash was broken down as follows: two of the heat-sealed bags contained $20,000 in $20 denominations; one heat-sealed bag contained $19,980 in $20 denominations; one heat-sealed bag contained $18,000 in $20 denominations; the final heat-sealed bag contained $20,000 in $20, $10, and $5 denominations.

    4.    The United States represents that it could show at a forfeiture trial that, following the discovery of the heat-sealed and bundled cash and relocation of the interview to the CHP office, a drug dog was dispatched to the scene and positively alerted to the cash from Furlong's duffel bag.

    5.    The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

    6.    Without admitting the truth of the factual assertions contained above, Joshua Bowen Furlong specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Joshua Bowen Furlong agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Joshua Bowen Furlong acknowledged that he is the sole owner of the defendant currency, and that no other person

Consent Judgment of Forfeiture

or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Joshua Bowen Furlong shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of this Consent Judgment of Forfeiture, $78,384.00 of the $97,980.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $19,596.00 of the $97,980.00 in U.S. Currency shall be returned to potential claimant Joshua Bowen Furlong through his attorney John Balazs.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Joshua Bowen Furlong waived the provisions of

California Civil Code § 1542.

14. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: 1/10/2014                              /s/ John A. Mendez
                                              JOHN A. MENDEZ
                                              United States District Court Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: 1/10/2014                              /s/ John A. Mendez
                                              JOHN A. MENDEZ
                                              United States District Court Judge